FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 23, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANCISCO RUIZ-NIETO,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>YAKIMA COUNTY JAIL/SUPERIOR COURT,<br><br>　　　　　　　Respondent. | NO: 1:24-CV-03114-RMP<br><br>ORDER DISMISSING ACTION |

　　　By Order filed August 26, 2024, the Court directed Petitioner Francisco Ruiz-Nieto, a pretrial detainee currently housed at the Yakima County Jail, to show cause why his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 should not be dismissed as a proper exercise of abstention under *Younger v. Harris*, 401 U.S. 37 (1971). ECF No. 6. Petitioner is proceeding *pro se* and *in forma pauperis*. Respondent has not been served.

　　　In response to the Order to Show Cause, Petitioner filed a First Amended Petition. ECF No. 7. The First Amended Petition does not cure the deficiencies of

ORDER DISMISSING ACTION -- 1

the initial petition. Petitioner again names an entity, rather than his current custodian, as Respondent, thus depriving the Court of personal jurisdiction. *See Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). Furthermore, although Petitioner now identifies his charges to include second degree assault, felony harassment and resisting arrest on June 10, 2024, he has failed to show cause why *Younger* abstention is not appropriate in this case. *See Younger,* 401 U.S. at 45.

## *YOUNGER* ABSTENTION

*Younger* abstention is appropriate "when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019) (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)). Petitioner does not contest that these *Younger* factors have been satisfied.

Rather, Petitioner asserts that his right to a speedy trial by August 26, 2024, has been violated, and his appointed counsel has not consulted with him. ECF No. 7 at 6–7. Claims of speedy trial violations and the ineffective assistance of counsel will be reviewable both in state court and, if necessary, in subsequent federal habeas corpus proceedings following exhaustion. Indeed, *Younger* principles preclude the adjudication of constitutional speedy trial claims prior to conviction when a petitioner raises "a Speedy Trial claim as an affirmative defense to state

ORDER DISMISSING ACTION -- 2

prosecution." *Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012) (*citing Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980)).

Petitioner contends that there has been "bad faith/harassment on the part of the state" because the prosecution has an "unreasonable attitude," having stated that Petitioner was a "danger to the community" based on unproven allegations. ECF No. 7 at 7. Petitioner claims that video evidence of the events that led to his arrest will "prove [his] innocence." *Id.*

While there is an exception to *Younger* abstention when a petitioner makes a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate[,]" *see Arevalo,* 882 F.3d. at 765–66 (*citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)), Petitioner has not made this showing. The Court cannot infer "bad faith" from a prosecutorial assertion that a petitioner is a "danger to the community," particularly when there are pending charges of second-degree assault and felony harassment.

Finally, Petitioner argues a "threat of irreparable injury that is great AND immediate" because "the injustice of being falsely accused and subsequently wrongfully incarcerated created the potential for irreparable injury and great loss that [he] will suffer because [he is] at very high risk of losing his home . . . for not making the mortgage payments due to being incarcerated." ECF No. 7 at 8.

Irreparable harm exceptions are limited in the pre-trial detainee context. *See Dominguez v. Kernan,* 906 F.3d 1127, 1131 n. 5 (9th Cir. 2018) (*citing Mannes v. Gillespie,* 967 F.2d 1310, 1312 (9th Cir. 1992) ("[a] colorable claim that a state prosecution [would] violate the Double Jeopardy Clause[,]"); and *Page*, 932 F.3d at 901–02 (due process challenge to pretrial detention in a state civil sexually violent predator proceeding). Neither of these circumstances are present here. The potential financial hardship of losing a home during incarceration, which Petitioner or his designee(s) are certainly free to challenge, is not the type of "irreparable harm" warranting an exception to *Younger* abstention.

After review of Petitioner's submissions, the Court finds that intervention in his state court proceedings would be inappropriate. There are important state interests at stake in the pending criminal prosecution. Petitioner may present exonerating evidence demonstrating his innocence and he may challenge his claims in state appellate and federal habeas corpus proceedings once his state court remedies are exhausted.

Accordingly, **IT IS HEREBY ORDERED:**

1. This action is **DISMISSED without prejudice.**
2. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**.  The District Court Clerk is **DIRECTED** to enter this Order, enter judgment, provide copies to Petitioner, and **close** the file.

**DATED** September 23, 2024.

                                               *s/ Rosanna Malouf Peterson*
                                          ROSANNA MALOUF PETERSON
                                          Senior United States District Judge

ORDER DISMISSING ACTION -- 5